UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 11-40012-01-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING |
| | ) | DEFENDANT'S MOTION TO |
| JAMES BRUGUIER, | ) | SEVER |
| a/k/a James Bruguier, Jr., | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, James Bruguier, moves to sever counts 1 and 2 from the remaining counts in the superseding indictment. The government resists defendant's motion. Defendant's motion to sever is denied.

## BACKGROUND

Defendant was originally indicted on February 8, 2011, with one count charging sexual abuse under 18 U.S.C. §§ 2242(2), 2246(2), and 1153. On May 10, 2011, the government filed a superseding indictment that charged defendant with seven counts that involved five different victims. The counts include charges of aggravated sexual abuse, sexual abuse, burglary, incest, and sexual abuse of a minor.

## DISCUSSION

"[Federal Rule of Criminal Procedure] 8(a) allows a single indictment to charge a defendant with multiple offenses only if the offenses are of the same or similar character, based on the same act or transaction, or are

parts of a common scheme or plan." *United States v. Steele*, 550 F.3d 693, 702 (8th Cir. 2008). "[Federal Rule of Criminal Procedure] 14(a) provides a mechanism for relief from prejudicial joinder, allowing the court to order separate trials if trying several counts together would prejudice either the defendant or the government." *Id.* at 702. Whether it is proper to sever a trial that may be appropriately joined under Rule 8(a) is left to the court's "sound discretion" and will be reversed only if the defendant "shows an abuse of discretion resulting in severe prejudice." *Id.*

Defendant argues, with the exception of the new offense alleged under count 1, that the new offenses alleged in the superseding indictment are not properly joined under Rule 8(a) because they are not "of the same or similar character" or "based on the same act or transaction," or "connected with or constitute parts of a common scheme or plan." *See* Fed. R. Crim. P. 8(a). "Offenses have the 'same or similar character' when they 'refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each overlaps.' " *Steele*, 550 F.3d at 702.

Here, all of the offenses are clearly sex offenses.[1] And the evidence with regard to each offense overlaps because the evidence supporting each

---

[1] While count 3 charges burglary, it alleges that defendant entered the residence with the intent to commit a sexual assault.

offense will likely be admissible under Rule 413.[2] *See United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1984) ("We find that the evidence will–or, more appropriately, did–overlap because evidence surrounding the first offense could have been introduced in a trial for the second offense to show intent[.]"). Moreover, all of the alleged offenses, with the exception of the offense alleged in count 7, occurred within a seven-month period. *See United States v. Tyndall*, 263 F.3d 848, 849 (8th Cir. 2001) ("Although they occurred a year apart, we have upheld the joinder of charges based on events separated by substantially longer periods." (citation omitted)).

While the offense alleged in count 7, sexual abuse of a minor, is alleged to have occurred over five years before any of the other alleged offenses, the "time period" is only one "factor" to consider with regard to whether the offenses are of the same or similar character. *See Rodgers*, 732 F.2d at 629 ("[T]he time-period factor is to be determined on a case-by-case approach; there is no per se rule on when the time period between similar offenses is so great that they may not be joined."). Because the offenses are all sex offenses, and because the evidence may be admissible in both trials if there were separate trials, the court finds that the time period between the

---

[2] Federal Rule of Evidence 413(a) states that "[i]n a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant."

offense in count 7 and the remaining offenses is sufficiently short to warrant joinder of the offenses in the superseding indictment. *See id.* (emphasizing that the time period factor is "relative to the similarity of the offenses, and the possible overlapping of evidence"). Thus, the court finds that all of the offenses alleged in the superseding indictment are of the same or similar character to support joinder under Rule 8(a).[3]

Defendant then argues that severance under Rule 14 is appropriate because he will otherwise be prejudiced if counts 1 and 2 are not severed from counts 3 through 7. "Once the counts have been properly joined, the district court may order separate trials of the counts [i]f it appears that a defendant or the government is prejudiced by a joinder of offenses." *United States v. Boyd*, 180 F.3d 967, 983 (8th Cir. 1999) (alteration in original) (internal quotations and citations omitted). As indicated above, however, the evidence supporting counts 3 through 7 will likely be admissible under Rule 413 during the trial on counts 1 and 2 if counts 1 and 2 were severed. *See, e.g., United States v. Tail*, 459 F.3d 854, 858 (8th Cir. 2006) (upholding trial court's decision to admit evidence under Rule 413); *United States v. Medicine Horn*, 447 F.3d 620, 623 (8th Cir. 2006) (same). And when "the evidence would [be] admissible in a separate trial for another crime[,] . . .

---

[3] Furthermore, defendant requests that the court sever counts 1 and 2 from counts 3-7. Defendant does not seek to sever count 7 from all the other counts.

the joint trial does not result in additional prejudice." *Boyd*, 180 F.3d at 983 (citation omitted).

Defendant also contends that he would be prejudiced because he would lose his right to a speedy trial under the Sixth Amendment and the Speedy Trial Act. The government has requested a continuance of the trial date because new charges were added in the superseding indictment. The court has granted a short continuance by separate order, which the court does not believe violates defendant's speedy trial rights under either the Sixth Amendment or the Speedy Trial Act. Defendant has failed to show prejudice sufficient to justify severance. Thus, the court denies defendant's motion to sever counts 1 and 2 from the remaining counts.

It is

ORDERED that defendant's motion to sever (Docket 33) is denied.

Dated May 13, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*  
KAREN E. SCHREIER  
CHIEF JUDGE
