UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 11-40012-01-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING MOTION FOR |
| | ) | JUDGMENT OF ACQUITTAL AND |
| JAMES BRUGUIER, | ) | MOTION FOR NEW TRIAL |
| a/k/a James Bruguier, Jr., | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, James Bruguier, moves for judgment of acquittal (Docket 94) alleging that there was insufficient evidence to support his conviction. Bruguier also moves for new trial (Docket 93) and states that a number of trial errors prejudiced him in such a way that a new trial is required in the interests of justice. The government resists both motions.

**BACKGROUND**

A jury convicted Bruguier of four counts of the six-count Second Superseding Indictment following his jury trial that began on August 25, 2011. Docket 86. Bruguier was convicted of counts two, three, four, and six, which were sexual abuse of an incapacitated person, burglary, aggravated sexual abuse, and sexual abuse of a minor. He was acquitted of counts one and five, which were aggravated sexual abuse and attempted sexual abuse. Bruguier does not contest his conviction on count six.

**DISCUSSION**

Bruguier contends that the evidence was insufficient to support his conviction because the complaining victims and other witnesses changed their stories, and many witnesses were friends or had family ties to each other that led them to concoct a story against him. Bruguier argues that based on these circumstances, no reasonable jury could have found him guilty beyond a reasonable doubt, and judgment of acquittal is appropriate. Bruguier also claims that the court improperly allowed into evidence the fact that he had a past criminal conviction, excluded one of the victim's criminal convictions, and excluded that victim's other allegations of improper sexual conduct against others. Bruguier also contends that the prosecutor made improper comments in closing argument. Bruguier alleges that these errors, harmless in other circumstances, caused a miscarriage of justice in a close case like his and warrants a new trial.

**ANALYSIS**

**I.      Motion for Judgment of Acquittal**

Federal Rule of Criminal Procedure 29 states that the court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29. "The court may set aside the verdict and enter an acquittal" even after the jury has returned its guilty verdict. *Id.* When the court considers this motion for judgment of acquittal, it views the

evidence in the light most favorable to the government and asks if the evidence is sufficient so that a reasonable jury could find defendant was guilty beyond a reasonable doubt. *United States v. Reddest*, 512 F.3d 1067, 1070 (8th Cir. 2008). The jury's verdict must be upheld even "[i]f the evidence rationally supports two conflicting hypotheses[.]" *United States v. Serrano-Lopez*, 366 F.3d 628, 634 (8th Cir. 2004) (citations omitted). The court will not upset the jury's determination of the credibility of the witnesses without extraordinary circumstances. *United States v. Hakim*, 491 F.3d 843, 845-46 (8th Cir. 2007); *United States v. Hayes*, 391 F.3d 958, 961 (8th Cir. 2004).

The jury found Bruguier guilty of sexual abuse of an incapacitated person, burglary, aggravated sexual abuse, and sexual abuse of a minor. Bruguier does not contest the sexual abuse of a minor conviction, which leaves three counts for consideration. To prove sexual abuse of an incapacitated person, the government had to prove that Bruguier knowingly caused the victim to engage in a sexual act, that the victim was physically incapable of declining participation in and communicating unwillingness to engage in that sexual act, that Bruguier was an Indian, and that the offense took place in Indian country. First, Bruguier stipulated in all counts that he is an Indian and the alleged activities occurred in Indian country. Mike Miller and Tracie

Thunder Horse[1] both testified that they saw Bruguier engage in sexual conduct with Crystal Stricker, and that they could see Stricker was either unconscious or unable to consent to that conduct. Stricker testified that she did not agree to have sex with Bruguier, and she does not remember what happened that night because she consumed too much alcohol.

Bruguier claims Stricker told inconsistent stories and that she was afraid of her allegedly abusive partner, Miller, so she went along with his version of events. Bruguier also claims that Miller's sister, Thunder Horse, told inconsistent versions of what occurred that evening. Inconsistencies or conflicts in the evidence, however, will be resolved in the government's favor. *United States v. Piwowar*, 492 F.3d 953, 955 (8th Cir. 2007) (citations omitted). The jury saw all three witnesses testify, heard Bruguier's theory of the case as well as his testimony, and concluded that there was sufficient evidence to find him guilty beyond a reasonable doubt. Viewing the evidence in the light most favorable to the verdict, a reasonable jury could have found Bruguier guilty beyond a reasonable doubt, and the court will not disturb that finding absent extraordinary circumstances. *Hakim*, 491 F.3d at 845-46.

---

[1] Bruguier refers to the witness as Tracie Thunder Hawk in his brief supporting these motions. Docket 95 at 2. In the docket, the minutes from trial list this witness as Tracie Thunder Horse. Docket 84 at 2. The court recognizes that this is the same person, and her name is Tracie Thunder Horse.

In count three, the government had to prove that Bruguier, an Indian in Indian country, entered or remained in an occupied structure, in the nighttime, with the intent to commit the felony of sexual assault. The government offered the testimony of T.S., a minor, who testified that Bruguier crawled in the bedroom window of her mother's house at night and sexually assaulted T.S. The jury heard both T.S.'s and Bruguier's account of that evening and after weighing the credibility of both witnesses they believed T.S. This evidence is sufficient to uphold the jury's verdict.

For count four, aggravated sexual abuse, the government had to prove that Bruguier knowingly caused T.S. to engage in a sexual act through the use of force, and that Bruguier was an Indian in Indian country. T.S. testified that on the evening in question, Bruguier hit her on the head with a hair spray can and raped her. This evidence is enough to uphold the verdict because the "[t]estimony of a rape victim herself, if believed beyond a reasonable doubt, is sufficient to support a finding of guilt." Docket 85 at 19 (citing Final Instruction No. 11 – Testimony). Even so, the government also offered testimony of Della Stricker, who testified that T.S. told her that she was raped by Bruguier soon after it happened. The evidence was sufficient for a reasonable jury to find Bruguier guilty beyond a reasonable doubt.

Bruguier claims that T.S. is not believable because she waited seven months to tell her story. Bruguier also insinuates that T.S.'s story is

questionable because she has family ties and a friendship with Crystal Stricker and another complaining witness, Vicki Johnson. The jury saw T.S., Johnson, and Stricker testify at trial and weighed the credibility of those witnesses against Bruguier to make its determination. There was nothing so incredible about T.S.'s testimony that would require its rejection as a matter of law. *Piwowar*, 492 F.3d at 955. Additionally, the court will not infer improper conduct from a witness's hesitancy to come forward with allegations of abuse or from her ties to other complaining witnesses.

Bruguier merely alludes to the same theory of the case that he argued to the jury, and there are no extraordinary circumstances compelling the court to reject the jury's assessment of the witnesses' credibility. Because the preference is to uphold the jury's conviction unless the evidence is not sufficient for a jury to find Bruguier guilty beyond a reasonable doubt, Bruguier's motion for a judgment of acquittal is denied.

## II. Motion for New Trial

According to Rule 33 of the Federal Rules of Criminal Procedure, a court can vacate a judgment and grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33. If there is a motion for a new trial "grounded on any reason other than newly discovered evidence [it] must be filed within 14 days after the verdict or finding of guilty." *Id.* The district court has broad discretion on a Rule 33 motion and "it can weigh the evidence, disbelieve

witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict[.]" *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002) (citation omitted). While the court has more discretion under Rule 33 than Rule 29, "[u]nless the district court ultimately determines that a miscarriage of justice will occur, the jury's verdict must be allowed to stand." *Id.* (citation omitted).

### A. Bruguier's Prior Conviction

Prior to trial, Bruguier moved in limine to exclude evidence of his prior state court vandalism felony. Bruguier argues that the trial court erred in allowing the government to introduce this conviction and Bruguier should have been able to show the conviction was not of a sexual nature. The court initially reserved ruling on the issue to see if Bruguier would testify at trial. Once it was apparent that Bruguier would testify, the court heard argument and weighed the probative value of the evidence against its prejudicial effect under Rule 609 of the Federal Rules of Evidence.

Rule 609 gives the opposing party the opportunity to impeach a witness by using a prior conviction of a crime to attack the character of that witness for truthfulness. Fed. R. Evid. 609. When the crime is a felony and "an accused has been convicted of such a crime" it "shall be admitted if the court determines that the probative value of admitting this evidence outweighs its

prejudicial effect to the accused" or if the crime was one of dishonesty or false statement. *Id.*

Prior to Bruguier testifying, the court found that this case boiled down to the issue of consent. Because consent would require the jury to analyze and compare the credibility of Bruguier against the complaining witnesses, and because credibility was such a pivotal matter in this case, the court determined the government could introduce the impeachment evidence. Admission of the evidence was a reasonable use of the court's discretion and not a miscarriage of justice that requires a new trial. *See United States v. Chauncey*, 420 F.3d 864, 874 (8th Cir. 2005) (citation omitted) (determining a prior felony was proper evidence for impeaching defendant because of the "common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath").

Bruguier claims that the court should have let him tell the jury that the conviction was not of a sexual nature. The court, however, did not prevent Bruguier from explaining that issue to the jury. The court set firm parameters that the government could only ask when the felony occurred and introduce that it was a felony. The court told Bruguier that if he wanted to explain the type of felony to the jury it would open the door to the government's inquiring further. It was Bruguier's conscious choice and trial strategy to keep that information from the jury. The court's evidentiary determination was

reasonably within its discretion under the rules of evidence and does not require a new trial in the interests of justice.

### B. T.S.'s Prior Conviction

Bruguier claims that the court erred in excluding evidence that T.S. was arrested with Vicki Johnson on a felony shoplifting charge around the same time that both stated they were assaulted by Bruguier. Bruguier claims that this error, along with the others alleged, requires a new trial in the interests of justice.

The court reserved ruling on this issue prior to trial after the government's motion in limine. The court found that if Jodi Dion (T.S.'s mother) testified that her daughter began to act out after the alleged assault by Bruguier, then T.S.'s arrest would be relevant and admissible as a specific instance of conduct for the purpose of attacking or supporting character for truthfulness. The information, however, would only be relevant and admissible if Dion testified, which she did not. The issue never became relevant at trial, the government indicated that there was no actual adjudication against T.S. on that arrest, and Bruguier never made an offer of proof on the issue. Bruguier does not deserve a new trial in the interests of justice.

### C. Evidence of Other Accusations by T.S.

Bruguier claims he was prejudiced and deserves a new trial because the court excluded evidence that T.S. similarly accused other people of assaulting

9

her, and that the evidence should have been presented to the jury. The court granted the government's motion in limine and excluded this evidence under Federal Rule of Evidence 412.

Rule 412 restricts the admissibility of evidence of a rape victim's past sexual behavior. There are three recognized exceptions to this general rule, which are: (1) to prove someone other than the accused is the source of semen or injury; (2) to show consent; and, (3) when exclusion would violate the accused's constitutional rights. Fed. R. Evid. 412. The Eighth Circuit Court of Appeals has noted that "impeaching the victim's truthfulness and showing her capability to fabricate a story 'are not recognized exceptions to Rule 412.'" *United States v. Withorn*, 204 F.3d 790, 795 (8th Cir. 2000) (citing *United States v. White Buffalo*, 84 F.3d 1052, 1054 (8th Cir. 1996)).

In the motion in limine argument, the court noted the three exceptions to Rule 412 and found that none would warrant inclusion of the other allegations by T.S. The court also stated that Supreme Court and Eighth Circuit cases on the subject suggested that prior allegations of sexual assault would not rise to the level of warranting admissibility under Rule 412. Moreover, the court said Rule 412 evidence requires that if a defendant wants to offer such evidence he would have to offer a written motion at least twelve days before trial. That time period can be shortened for good cause, but the notice has to be served on all the parties and the alleged victim so he or she can be present at an in camera

hearing on the matter. Because Bruguier did not give notice to T.S. of his intention to use this evidence or show cause for Bruguier's failure to give the notice, the evidence is not admissible. Even if he had given notice, the evidence still is not admissible under Rule 412 because it is evidence alleging that the accused made false accusations and has minimal probative value. *See United States v. Tail*, 459 F.3d 854, 860 (8th Cir. 2006) (evidence of prior unrelated incident is part of an attack on general credibility of the witness and not admissible pursuant to Rule 412); *Withorn*, 204 F.3d at 795 (determining that defendant who tried to introduce victim's prior rape allegation so the jury would conclude that the victim was lying could not do so under Rule 412). The court's evidentiary determination did not cause a miscarriage of justice to Bruguier that would require a new trial.

### D. Prosecutorial Misconduct

"Prosecutorial misconduct can result in the reversal of a conviction if (1) the prosecutor's conduct or remarks were improper, and (2) the conduct or remarks prejudicially affected the defendant's substantial rights by depriving the defendant of a fair trial." *United States v. Davis*, 534 F.3d 903, 914 (8th Cir. 2008) (citing *United States v. Jumping Eagle*, 515 F.3d 794, 804 (8th Cir. 2008)). "Closing arguments must be limited to the evidence and the inferences that can reasonably be drawn from the evidence." *Id.* The following factors determine if the defendant was deprived his right to a fair trial: "(1) the

11

cumulative effect of the misconduct, (2) the strength of the properly admitted evidence of the defendant's guilt, and (3) the curative actions, if any, taken by the district court." *Id.* at 915.

When defense counsel objects to the prosecution's closing argument, the question is whether defendant can show the comments were "improper and prejudicial to his right to a fair trial." *Chauncey*, 420 F.3d at 876 (citing *United States v. Bryant*, 349 F.3d 1093, 1096 (8th Cir. 2003)). "Nonetheless, a prosecutor may use 'colorful pejoratives' and argue a personal interpretation of the evidence." *Jumping Eagle*, 515 F.3d at 805 (citing *United States v. White*, 241 F.3d 1015, 1023 (8th Cir. 2001)). "A district court's instruction that closing arguments are not evidence is a curative action that serves to alleviate any risk of prejudicial impact." *Id.* at 806 (citing *United States v. Robinson*, 110 F.3d 1320, 1326-27 (8th Cir. 1997)). Moreover, "a criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context; only by so doing can it be determined whether the prosecutor's conduct affected the fairness of the trial." *Id.* at 806 (citing *United States v. Young*, 470 U.S. 1, 11 (1985)).

In his closing argument, the prosecutor discussed Bruguier's alleged strategy of admitting he was guilty of count six, the least serious offense, in the hopes that the jury would determine that Bruguier was telling the truth about that charge and must not be guilty of the rest. The prosecutor said that he was

12

not surprised by this strategy and that, in his experience, this practice was common for defendants charged in a multi-count indictment. The prosecutor stated that the intent was to put a belief in the jury's mind that because Bruguier is admitting to that count then he must only be admitting to what he actually did. Defense counsel immediately objected to these comments, and the court sustained that objection. Bruguier did not move for a mistrial and did not ask for a curative jury instruction.

Although the prosecutor's comments may have been improper, Bruguier still has to show those comments "prejudicially affected the defendant's substantial rights by depriving the defendant of a fair trial." Bruguier cannot make this showing because the cumulative effect of the prosecutor's comments was minimal—it was only a brief portion of closing argument and was immediately objected to by defense counsel. The court's action of sustaining the objection stopped any improper argument in its tracks. More importantly, this was but a minute of argument compared to an entire trial of strong evidence against Bruguier. Counts two, three, and four each had a testifying victim and count two had two other witnesses who supported the victim's claims. Further, viewing these statements within the context of Bruguier's trial strategy of admitting he was guilty of a lesser offense, the prosecution had some leeway in questioning its legitimacy. *See Chauncey*, 420 F.3d at 876 ("Considered in the context of the trial, including [defendant's] earlier argument

that 'at most' he was guilty of simple possession, we believe the [prosecution's] remark was permissible as part of an argument against a verdict on the lesser included offense.").

Even if the remarks were improper, Bruguier made no showing of prejudice other than alleging that the comments were akin to a prosecutor pointing out the silence of a non-testifying Bruguier. Bruguier cannot prove these brief comments affected his right to a fair trial or "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *United States v. New*, 491 F.3d 369, 377 (8th Cir. 2007) (citation omitted). Bruguier's motion for new trial is denied because there was substantial evidence of Bruguier's guilt, the cumulative effect of the prosecutor's comments was minimal, and any error was cured by the court's instruction that closing argument was not evidence in this case. Docket 80 (citing preliminary instruction No. 6 - Definition of Evidence).

## CONCLUSION

The evidence was sufficient for a reasonable jury to find Bruguier guilty beyond a reasonable doubt. As a result, Bruguier's motion for judgment of acquittal is denied.

The court did not err in admitting Bruguier's prior felony conviction because his credibility was at issue, the evidence was relevant, and the court set firm boundaries on its use. The trial court also did not err in excluding

T.S.'s prior arrest and her assault accusations against other people because they were irrelevant and unfairly prejudicial. Finally, the comments by the prosecutor during closing arguments did not substantially affect Bruguier's right to a fair trial. For those reasons, and because the interests of justice does not require it, Bruguier's motion for a new trial is denied.

Accordingly, it is

ORDERED that Bruguier's motion for acquittal (Docket 94) is denied.

IT IS FURTHER ORDERED that Bruguier's motion for new trial (Docket 93) is denied.

Dated October 4, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE