UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES BRUGUIER,<br><br>Defendant. | 4:11-CR-40012-KES<br><br><br>**ORDER GRANTING<br>MOTION TO REDUCE SENTENCE** |

Defendant, James Bruguier, filed a motion, under 18 U.S.C. § 3582(c)(2), requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 141. Plaintiff, the United States of America, opposes Bruguier's motion. Docket 143. Bruguier filed his reply at Docket 146. For the following reasons, Bruguier's motion for a sentence reduction is granted.

**DISCUSSION**

On October 24, 2025, Bruguier filed a motion requesting a reduction to his sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 141. Bruguier does not request a sentence reduction on count 6. Rather, he requests that the court "reduce his sentence on [c]ount 4 to between 262 months and 316 months and his sentence on [c]ount 3 to between 262 months and 300 months (the statutory maximum sentence for this count)." *Id.* at 5. Bruguier notes that received a total sentence of 354 months, which was 11 months below the top of the advisory guideline range and that a sentence of

1

316 months on count 4 would also be 11 months below the top of the guideline range in the amended guideline range. *Id.* He also notes he "is not requesting reconsideration of the [c]ourt's original calculation of the guideline range or questioning the wisdom of the original sentence." Docket 146 at 2. Instead, he is asking the court to consider that the "starting point and initial benchmark" from which it based its original sentence, *see Gall v. United States*, 552 U.S. 38, 49 (2007), "has been reduced by the Sentencing Commission under its congressional authority, and to reduce his sentence accordingly." *Id.*

The process for considering a § 3582(c) motion is well established. As the Supreme Court has made clear, § 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826, 827.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

As to whether the defendant is eligible for any reduction under step one, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the

relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

Bruguier's guideline range, based on a total offense level of 39 and a criminal history category of II, was 292 to 300 months in custody on count 3, 292 to 365 months in custody on count 4, and 180 months in custody on Count 6. PSR ¶¶ 45, 63, 81, 82. He was assessed two "status points" for committing the instant offense while on probation for vandalism. PSR ¶ 62. On March 31, 2014, the court sentenced Bruguier to concurrent sentences of 300 months in custody on count 3, 354 months in custody on count 4, and 180 months in custody on count 6. Docket 135 at 2.[1] Bruguier is currently serving this sentence at FCI Petersburg Medium in Hopewell, Virginia. His anticipated release date is September 10, 2036. *See* https://www.bop.gov/inmateloc/(Reg. No. 11239-273) (last accessed Jan. 27, 2026).

---

[1] Bruguier was acquitted on counts 1 and 5 of the second superseding indictment at trial and count 2 was dismissed on the motion of the United States. Docket 135 at 1. The sentences for counts 3 and 6 were the statutory maximum penalty for each offense. *See* Amended PSR ¶ 81.

3

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history. U.S.S.G. § 4A1.1(e). The amended provision states:

> Add one point if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id.* The Commission decreed that this change applies retroactively. *See* U.S.S.G. § 1B1.10(e)(2) (Nov. 1, 2023).

The court has the authority to reduce a term of imprisonment where the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). It is not disputed that Bruguier meets the criteria for this part of the analysis. The United States agrees that "at step one [] Bruguier is eligible for a sentence modification." Docket 143 at 4. With the reduction applied, Bruguier receives zero status points instead of two, which gives him a total of one criminal history point. Docket 141 at 4. That change also places him in Criminal History Category I and reduces the advisory guideline range to 262 to 300 months on count 3 and 262 to 327 months on count 4. *See* U.S.S.G., Ch. 5, Pt. A (Sentencing Table).

4

Because step one is satisfied, the court next considers step two of the analysis. Section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. 1B1.10, cmt. n.1(B)(i). "The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998). Subject to the limits set forth in § 1B1.10(b), a court may consider all pertinent information in applying the § 3553(a) factors and determining whether and by how much to reduce a defendant's sentence. *Dillon*, 560 U.S. at 821–22. Section 3553(a), in addition to requiring consideration of the applicable guidelines and policy statements of the Sentencing Commission, mandates the sentencing judge to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available. 18 U.S.C. § 3553(a). Additionally, "nothing prohibits a court from considering new facts that it had no opportunity to address the first time around." *United States v. Darden*, 910 F.3d 1064, 1067 (8th Cir. 2018).

Bruguier was convicted of burglary with the intent to commit a crime of sexual assault, aggravated sexual abuse, and sexual abuse of a minor. The facts of that criminal conduct include that in 2010, Bruguier entered a home where T.S., his niece, was sleeping. PSR ¶ 6. T.S. and Bruguier had an argument about who T.S. was dating, and Bruguier became angry. *Id.* Bruguier assaulted T.S. on the head with a can and raped her while holding her arms down. *Id.* The sexual abuse and assault caused noticeable behavior changes in T.S., who reported feeling betrayed, scared, depressed, and suicidal. *Id.* ¶¶ 7, 11. T.S. also reported that Bruguier sexually assaulted her in April and July of 2007. *Id.* ¶ 6. Between June 2004 and December 2006, Bruguier had sexual intercourse with a 13-year-old girl on at least two occasions. *Id.* ¶¶ 8, 10.

This court recognizes that Bruguier's offenses are very serious; however, he is not requesting a sentence of time served or that the court reconsider its sentencing decision. Rather, he is asking the court to reduce his sentence to a term of months "within the guideline range that would have applied had he been sentenced today." Docket 146 at 2.

Looking at Bruguier's post-sentencing conduct, this court finds a sentence reduction is warranted. While incarcerated, Bruguier has had seven disciplinary violations over a nine-year period, with the last violation being over four years ago. Docket 141-3 at 11-13. Bruguier suffered consequences for these violations, including loss of good time credit, loss of commissary, loss of email access, loss of visitation opportunities, and a monetary fine. *Id.* On the positive side, Bruguier's post-sentencing conduct also shows that he earned his

6

GED while incarcerated, he maintains a position within the prison as an orderly, and he has participated in a leisure beading program. Docket 141-1; Docket 141-2.

In addition, this court explained at sentencing that the "advisory guideline range in this case is driven by the aggravated sexual abuse count. An additional five points were attributed because there were two minors on two separate instances[.]" SOR § VIII. That is why this court handed down a sentence at the upper end of the original guideline range. That is also why this court is not considering any term of custody less than 11 months below what the advisory guideline range would be today. Sentencing Bruguier to 316 months in custody does not create a sentencing disparity with other similar individuals and it does not promote disrespect for the law.

After taking into account the policy statement set forth at U.S.S.G. § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), this court finds that Bruguier's sentence should be reduced to within the range reflected in the new guideline range, but at the top of his new guideline range. Thus, Bruguier is sentenced to 300 months in custody on count 3 (the statutory maximum), 327 months in custody on count 4, and 180 months in custody on count 6, all to run concurrently. This reduces the original sentence from 354 months in custody to 327 months in custody.

## CONCLUSION

It is ORDERED that Bruguier's motion (Docket 141 ) is GRANTED.

The probation office is directed to prepare an amended judgment sentencing Bruguier to a total sentence of 327 months in custody, based on 300 months on count 3, 327 months on count 4, and 180 months on count 6, all to run concurrently with each other.

Dated March 9, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE
